DECISION AND JOURNAL ENTRY
Appellant, Toni J. Bailey, appeals the judgment of the Wayne County Municipal Court, finding Ms. Bailey guilty of an improper lane change, in violation of R.C. 4511.39. We affirm.
On June 30, 1999 at approximately 3:30 p.m., Ms. Bailey was returning home from work in her pickup truck, traveling eastbound on Route 30. As she needed to make a left hand turn over the median crossover lane to get to her home, Ms. Bailey put on her left turn signal and began to change lanes. She pulled directly in front of a semi-truck and braked abruptly, while continuing to make the turn. Timothy Irvin, who was the driver of the semi-truck, immediately put on his brakes and veered toward the median, attempting to avoid a collision. Mr. Irwin, however, was unable to avoid rear-ending Ms. Bailey's pickup truck. As a result of the impact, Ms. Bailey's vehicle rolled, ejecting her from her vehicle.
After investigating the accident, Trooper Halvorsen of the Ohio State Highway Patrol cited Ms. Bailey for an improper lane change, in violation of R.C. 4511.39. A bench trial was held on August 27, 1999. In a verdict journalized on the same day, the trial court found Ms. Bailey guilty and fined her $35.00. This appeal followed.
Ms. Bailey asserts one assignment of error:
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF VIOLATING OHIO REVISED CODE 4511.39 IN THAT REASONABLE MINDS COULD NOT FAIL TO FIND REASONABLE DOUBT AND THAT THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
Although Ms. Bailey purports to argue that there was insufficient evidence to support her conviction for an improper lane change, the substance of her argument is one of weight and not sufficiency. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." Thompkins,78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the [trier of fact], a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Ms. Bailey was found to have violated R.C. 4511.39, which states in pertinent part: "No person shall turn a vehicle * * * or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal[.]" Thus, "[a] motorist is required to use both reasonable care and to properly signal when making a turn[.]" (Emphasis omitted.)Cuyahoga Falls v. Green (July 3, 1996), Summit App. No. 17566, unreported, at 4. A failure to do either constitutes a violation of the statute. Id.
In the present case, the evidence adduced at trial showed that Ms. Bailey used her left turn signal immediately before making her turn. The disputed issue, however, is whether Ms. Bailey used reasonable care in turning or changing lanes. Ms. Bailey avers that her testimony, coupled with that of her husband and Mary West, established reasonable doubt. Her husband testified that when he looked outside his dining room window, he saw his wife driving in the left lane of traffic significantly before she had to make her turn.[1] However, Trooper Halvorsen testified that from the Baileys' dining room window, it was impossible to see the road-markings on the eastbound side of the Route 30. Similarly, Ms. West stated that she was stopped at the median crossover where Ms. Bailey was going to turn. Ms. West testified that Ms. Bailey was in the left lane significantly before the crossover and that Mr. Irwin was unable to stop his truck. Although the accident allegedly occurred right in front of her, Ms. West did not stay at the scene to make a statement to the police. Rather, she made a statement over one week later. Moreover, another eyewitness, Regina Bernadine, stated that she saw no car in the median crossover.
In the case at bar, we find that Ms. Bailey's conviction for an improper lane change is not against the weight of the evidence. Ms. Bernadine was traveling westbound on Route 30 when the accident occurred. Ms. Bernadine testified that Ms. Bailey, who was traveling in the right lane, turned directly in front of the semi-truck and abruptly braked because she had overshot her left turn. Ms. Bernadine stated that although Mr. Irwin applied his brakes and tried to get over to the median, he collided with Ms. Bailey's pickup truck. Ms. Bernadine testified that she knew that the accident was going to happen because Ms. Bailey stopped so quickly in front of Mr. Irwin's truck. Further, she opined that she doubted if she could have stopped her automobile in time to avoid colliding with Ms. Bailey's truck. Generally, Ms. Bernadine's testimony corroborated Mr. Irwin's testimony. Further, Trooper Halvorsen stated that Ms. Bernadine's testimony generally was consistent with his investigation of the accident. After carefully reviewing the record, we conclude that the trier of fact did not clearly lose its way and commit a manifest miscarriage of justice in finding that Ms. Bailey made an improper lane change, in violation of R.C. 4511.39. Consequently, we conclude that Ms. Bailey's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. See Roberts, supra, at 4.
Accordingly, Ms. Bailey's assignment of error is overruled. The decision of the Wayne County Municipal Court is hereby affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J., CONCUR.
[1] Mr. Bailey did not see the accident, as he was opening the garage door for Ms. Bailey at the time.